**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DONOVAN EVANS**                                                              **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 3:20CV325-HTW-LRA**

**GREYHOUND LINES**                                    **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the undersigned on the Motion to Proceed *in Forma Pauperis* [2] filed by Donovan Evans [hereinafter "Plaintiff"]. The undersigned has also considered Plaintiff's allegations under 28 U.S.C. § 1915(e)(2), to determine if his claims are frivolous under the law and whether this Court has jurisdiction over his claims. Plaintiff filed this Complaint against Greyhound Lines. [hereinafter "Defendant"]. The Complaint asserts that Plaintiff's address is 1651 Terry Road, Jackson, MS 39204 (now 1740 Highway 80 W., Jackson, MS 39204), and that Defendant's address is 600 Vine Street, Ste. 1400, Cincinnati, OH 45202.

The undersigned has reviewed the financial affidavit filed by Plaintiff and finds that he is indigent under the applicable law and may proceed without the prepayment of fees. However, the undersigned also finds that Plaintiff has not established a basis for federal court jurisdiction and that the Complaint should be dismissed as frivolous under §1915(a)(1).

1

Plaintiff's Complaint [1] is quoted verbatim in pertinent part as follows:

> ... I Donovan Evans was overdrawn $23.01 by Greyhound Lines on date 12/29/2019.  This is a unauthorized transaction.  Claim is fraud and emotional distress, mental distress.  The Relief I seek is $9 trillion Dollars.  All overdrawn was made to my Netspend account.  …
>
> And all my account was $66.00 unauthorize transactions.  Theft Claim Fraud Claim Emotional Distress claim Mental Distress (scam Internet Telephone)  I was mad an upset an stressed out due to money was taking out my account.

Complaint [1], p. 1.

No other factual allegations were set forth.  Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B).  This statute applies equally to prisoner and non-prisoner cases.  *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).  The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2).  *Neitzke*.

The Plaintiff is prosecuting this case *pro se.* Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under any rule of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Although a court must assume all well-pleaded allegations in the complaint as true the court need not assume as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 550 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court in *Iqbal* established the following two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* U.S. at 679. Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

3

*Id*.  The "plausibility standard" of Rule 8 applies to all civil actions and must be met in order to survive a motion to dismiss.  *Iqbal*, *id*.

The undersigned has reviewed Plaintiff's Complaint under Rule 8.  Plaintiff contends that Defendant overdrew his account in the amounts of $23.01 and $66.  He does not explain what account he has with Greyhound or how his money was taken.  He does not state a factual basis for his claims of "fraud," nor does he state a basis for federal court jurisdiction.

Plaintiff has failed to establish that this Court has jurisdiction over his claims.  He has not sued under a federal or constitutional statute and has not stated facts sufficient to establish diversity jurisdiction.  Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir.2001); U.S. Const., art. III, § 2.  Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case.  *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582 -83 (1999).  The Court must inquire into its subject-matter jurisdiction on its own initiative.  *Id.*  It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction."  *MCG, Inc. v. Great W. Energy Corp*., 896 F.2d 170, 173 (5th Cir.1990) (see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)).  The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction,

and his Complaint may also be dismissed without prejudice for this reason, rather than on its merits.

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee but dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted. Alternatively, the Complaint may be dismissed without prejudice for failure to establish the subject matter jurisdiction of this federal court. If Plaintiff seeks to amend his Complaint within the time allowed for objections and sets forth a basis for federal court jurisdiction and a claim upon which relief may be granted, he should be allowed to proceed *in forma pauperis.*

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 10th day of July 2020.

                    s/ Linda R. Anderson
               UNITED STATES MAGISTRATE JUDGE